IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PROSPERINA VENTURES LLC,<br><br>   Plaintiff,<br><br> v.<br><br>KICHLER LIGHTING LLC,<br><br>   Defendant. | Case No. 5:25-cv-2283<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

  Plaintiff Prosperina Ventures LLC ("Prosperina") by and through the undersigned counsel, hereby files this Complaint against Defendant Kichler Lighting LLC ("Kichler" or "Defendant") for patent infringement of United States Patent Nos. 8,435,060; 9,310,030; 9,470,882; 9,651,239; and 10,107,487 (the "patents-in-suit," attached hereto as Exhibits 1-5, respectively), and alleges as follows:

**INTRODUCTION**

  1. Prosperina owns by assignment all right, title and interest in numerous United States and foreign patents and applications, including the patents-in-suit.

  2. Defendant infringes the patents-in-suit by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, a number of its commercial products including, *inter alia*, the Kichler 12V 1.5W T5 Wedge Bulb, Kichler 12V 7W MR16 3000K Bulb, Kichler MR8 15W 2700K Bulb, Kichler MR16 7W 2700K 600 Lumens Bulb, Kichler T5 Wedge Side Mount 2700K 1.5W Bulb, Kichler Ceiling Light Rail, Kichler MR16 5W 12V 2700K Bulb, and Kichler 2.5W MR11 2700K 165 Lumens

Bulb (Collectively, the "Accused Products"). These Accused Products are marketed, offered for sale, and distributed throughout the United States, including in this District.

3. By this action, Prosperina seeks to obtain compensation for the harm it has suffered as a result of Defendant's infringement of the patents-in-suit.

## NATURE OF THE ACTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5. Defendant has infringed and continues to infringe one or more claims of patens-in-suit at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this District, and/or by importing the Accused Products into the United States.

6. Prosperina is the legal owner by assignment of the patents-in-suit, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Prosperina seeks monetary damages for Defendant's infringement of the patents-in-suit.

## THE PARTIES

7. Prosperina is a limited liability company organized under the laws of the State of Texas with its principal place of business at 8140 Walnut Hill Lane, Suite 615, Dallas, Texas 75231.

8. Defendant Kichler is a Delaware limited liability company with its principal place of business at 30455 Solon Road, Solon, Ohio 44139.

9. On information and belief, Kichler directly and/or indirectly develops designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in

this District, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION AND VENUE

10. As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., this Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has general and specific personal jurisdiction over Defendant. Defendant conducts substantial business in the forum, directly and/or through intermediaries, including: (i) at least a portion of the infringing activity alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to persons in this District; and (iii) having a regular and established place of business in this state and in this District.

12. Venue is proper in this District under 28 U.S.C. 1400(b) because, as noted above, Defendant has committed acts of patent infringement in this District and has a regular and established places of business in this District.

## PATENTS-IN-SUIT

13. On May 7, 2013, the USPTO duly and legally issued United States Patent No. 8,435,060 ("the '060 Patent") entitled "Fixtures, apparatuses, and related methods for providing load bearing connections for lighting devices" to inventors Paul K. Pickard, Gary D. Trott, and James Michael Lay. A true and correct copy of the '060 Patent is attached as Exhibit 1.

14. The '060 Patent is presumed valid under 35 U.S.C. § 282.

15. Prosperina owns all rights, title, and interest in the '060 Patent.

16. On April 12, 2016, the USPTO duly and legally issued United States Patent No. 9,310,030 ("the '030 Patent") entitled "Non-uniform diffuser to scatter light into uniform emission pattern" to inventors Tao Tong, Ronan Letoquin, Bernd Keller, Eric Tarsa, Mark Youmans, Theodore Lowes, Nicholas W. Medendorp, JR., Anthony van de Ven, Gerald Negley, Peter Guschl, and Zongjie Yuan. A true and correct copy of the '030 Patent is attached as Exhibit 2.

17. The '030 Patent is presumed valid under 35 U.S.C. § 282.

18. Prosperina owns all rights, title, and interest in the '030 Patent.

19. On October 18, 2016, the USPTO duly and legally issued United States Patent No. 9,470,882 ("the '882 Patent") entitled "Optical arrangement for a solid-state lamp" to inventor Dong Lu. A true and correct copy of the '882 Patent is attached as Exhibit 3.

20. The '882 Patent is presumed valid under 35 U.S.C. § 282.

21. Prosperina owns all rights, title, and interest in the '882 Patent.

22. On May 16, 2017, the USPTO duly and legally issued United States Patent No. 9,651,239 ("the '239 Patent") entitled "LED lamp and heat sink" to inventors Paul Kenneth Pickard, Bart P. Reier, Curt Progl, and Gerald H. Negley. A true and correct copy of the '239 Patent is attached as Exhibit 4.

23. The '239 Patent is presumed valid under 35 U.S.C. § 282.

24. Prosperina owns all rights, title, and interest in the '239 Patent.

25. On October 23, 2018, the USPTO duly and legally issued United States Patent No. 10,107,487 ("the '487 Patent") entitled "LED light bulbs" to inventors George R. Brandes and Julio A. Garceran. A true and correct copy of the '487 Patent is attached as Exhibit 5.

26. The '487 Patent is presumed valid under 35 U.S.C. § 282.

27. Prosperina owns all rights, title, and interest in the '487 Patent.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 8,435,060

28. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-27, above.

29. Kichler (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '060 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Kichler Ceiling Light Rail and substantially similar products (collectively, the "'060 Accused Products").

30. As just one non-limiting example, set forth in Exhibit 6 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '060 Patent in connection with one of the '060 Accused Products (*e.g.*, the Kichler Ceiling Light Rail). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '060 Accused Products that it obtains during discovery.

31. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '060 Patent.

32. Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '060 Patent, including, without limitation, a reasonable royalty.

**Count II – Infringement of United States Patent No. 9,310,030**

33.     Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-27, above.

34.     Kichler (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '030 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Kichler 12V 7W MR16 3000K Bulb, Kichler MR16 7W 2700K 600 Lumens Bulb, Kichler MR16 5W 2700K Bulb, and substantially similar products (collectively, the "'030 Accused Products").

35.     As just one non-limiting example, set forth in Exhibit 7 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '030 Patent in connection with one of the '030 Accused Products (*e.g.*, the Kichler 12V 7W MR16 3000K Bulb). This description is based on publicly available information.  Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '030 Accused Products that it obtains during discovery.

36.     Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '030 Patent.

37.     Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '030 Patent, including, without limitation, a reasonable royalty.

**Count III – Infringement of United States Patent No. 9,470,882**

38. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-27, above.

39. Kichler (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '882 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Kichler MR8 15W 2700K Bulb, Kichler MR16 7W 2700K 600 Lumens Bulb, Kichler MR16 5W 12V 2700K Bulb, Kichler 2.5W MR11 2700K 165 Lumens Bulb, and substantially similar products (collectively, the "'882 Accused Products").

40. As just one non-limiting example, set forth in Exhibit 8 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '882 Patent in connection with one of the '882 Accused Products (*e.g.*, the Kichler MR8 15W 2700K Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '882 Accused Products that it obtains during discovery.

41. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '882 Patent.

42. Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '882 Patent, including, without limitation, a reasonable royalty.

7

**Count IV – Infringement of United States Patent No. 9,651,239**

43. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-27, above.

44. Kichler (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '239 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Kichler 2.5W MR11 2700K 165 Lumens Bulb, Kichler MR16 7W 2700K 600 Lumens Bulb, Kichler MR16 5W 12V 2700K Bulb, and substantially similar products (collectively, the "'239 Accused Products").

45. As just one non-limiting example, set forth in Exhibit 9 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '239 Patent in connection with one of the '239 Accused Products (*e.g.*, the Kichler 2.5W MR11 2700K 165 Lumens Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '239 Accused Products that it obtains during discovery.

46. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '239 Patent.

47. Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '239 Patent, including, without limitation, a reasonable royalty.

### **Count V – Infringement of United States Patent No. 10,107,487**

48. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of paragraphs 1-27, above.

49. Kichler (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '487 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Kichler MR16 5W 12V 2700K Bulb, Kichler 2.5W MR11 2700K 165 Lumens Bulb, Kichler 12V 1.5W T5 Wedge Bulb, Kichler 12V 7W MR16 3000K Bulb, Kichler MR8 15W 2700K Bulb, Kichler MR16 7W 2700K 600 Lumens Bulb, Kichler T5 Wedge Side Mount 2700K 1.5W Bulb, and substantially similar products (collectively, the "'487 Accused Products").

50. As just one non-limiting example, set forth in Exhibit 10 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '487 Patent in connection with one of the '487 Accused Products (*e.g.*, the Kichler MR16 7W 2700K 600 Lumens Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '487 Accused Products that it obtains during discovery.

51. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '487 Patent.

52. Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '487 Patent, including, without limitation, a reasonable royalty.

9

## JURY DEMANDED

53. Pursuant to Federal Rule of Civil Procedure 38(b), Prosperina hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

    a. That judgment be entered that Defendant has infringed at least one or more claims of the patents-in-suit, directly and/or indirectly, literally and/or under the doctrine of equivalents;

    b. An award of damages sufficient to compensate Prosperina for Defendant's infringement under 35 U.S.C. § 284;

    c. Costs and expenses in this action;

    d. An award of prejudgment and post-judgment interest; and

    e. Such other and further relief as the Court may deem just and proper.

Date: October 23, 2025                    Respectfully submitted,

                                              Respectfully submitted,
                                              */s/ Paul R. Kerridge*

                                              Paul R. Kerridge (0092701)
                                              Alexander J. Durst (0089819)
                                              Durst Kerridge LLC
                                              600 Vine St., Suite 1920
                                              Cincinnati, OH 45202
                                              Phone: (513) 621-2500
                                              Fax: (513) 621-0200
                                              Email: paul@durst.law
                                                            alex@durst.law

    Daniel A. Kent *(to be admitted pro hac vice)*
      dankent@kentrisley.com
      (404) 585-4214
    Samuel J. Najim  *(to be admitted pro hac vice)*
      samnajim@kentrisley.com
      (404) 855-3866
    Olivia E. Marbutt  *(to be admitted pro hac vice)*
      oliviamarbutt@kentrisley.com
      (404) 855-3865
    **KENT & RISLEY LLC**
    5755 N Point Pkwy Ste 57
    Alpharetta, GA 30022

    *Attorneys for Plaintiff*
    **Prosperina Ventures LLC**

11